UNITED STATES DISTRICT COURT

SEP 20 2012

EASTERN DISTRICT OF NORTH CAROLINA

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| IN THE MATTER OF THE APPLICATION |
| OF THE UNITED STATES OF AMERICA |
| FOR AUTHORIZATION TO OBTAIN LOCATION |
| DATA CONCERNING A CELLULAR TELEPHONE |
| ASSIGNED CALL NUMBER (252) 327-0932. |

SEALED WARRANT

No. 7:12-MJ-1191

Application having been made by the United States for a warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), authorizing agents of Alcohol, Tobacco, Firearms, adn Explosives [ATF] to ascertain the physical location of the cellular telephone assigned call number (252) 327-0932, with service provided byT-Mobile, USA (the "TARGET CELLPHONE"), including but not limited to E-911 Phase II data (or other precise location information) concerning the TARGET CELLPHONE (the "Requested Information"),[1] for a period of thirty (30) days;

The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to the apprehension of fugitive Timothy Smith, as well as evidence of violations of Title 21, United States Code, Sections 841 and 846, among other offenses, as well as to the identification of individuals who are engaged in the commission of these offenses.

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A) that agents of ATF, beginning at any time within ten (10) days of the date of this warrant and for a period not to exceed 30 days, may obtain the Requested Information concerning the TARGET CELLPHONE, with said authority to extend to any time of the day or night as required, including when the TARGET CELLPHONE leaves the Eastern District of North Carolina; all of said authority being expressly limited to ascertaining the physical location of the TARGET CELLPHONE and expressly excluding the contents of any communications conducted by the user(s) of the TARGET CELLPHONE.

It is further ORDERED that T-Mobile USA, the service provider for the TARGET CELLPHONE, assist agents of the ATF by providing all information, facilities and technical assistance needed to ascertain the Requested Information, including by initiating a signal to determine the location of the subject's mobile device on T-Mobile USA's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the warrant, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a

---

face ("cell site") used by the TARGET CELLPHONE at the start and end of any call.

minimum of interference with such services as T-Mobile USA accords the user(s) of the TARGET CELLPHONE.

It is further ORDERED that the ATF compensate T-Mobile USA for reasonable expenses incurred in complying with any such request.

It is further ORDERED that this warrant and the accompanying Affidavit submitted in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the ATF, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and T-Mobile USA as necessary to effectuate the Court's Order and warrant.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of **30** days after the termination of the monitoring period authorized by the warrant or any extension thereof, because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

It is further ORDERED that T-Mobile USA, its affiliates, officers, employees, and agents not disclose this warrant or the underlying investigation, until notice is given as provided above.

It is further ORDERED that this warrant apply to any changed cellular telephone number subsequently assigned to the Target Telephone within the period of this warrant.

Dated: 20 day of Sep/th 2012

Time: 11:34 am

_____
UNITED STATES MAGISTRATE JUDGE